| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY**<br>Caption in compliance with D.N.J. LBR 9004-1(b)<br><br>**HILL WALLACK LLP**<br>Elizabeth K. Holdren, Esq.<br>21 Roszel Road<br>Princeton, NJ 08543<br>Telephone: (609) 924-0808<br>Email: eholdren@hillwallack.com<br>*Attorneys for Wilmington Savings Fund Society, FSB, as Owner Trustee of the Residential Credit Opportunities Trust V-B* | |
| In Re:<br><br>EUNICE FAILEY AKA UNIECE FAILEY,<br><br>                     Debtor. | Chapter: 13<br><br>Case No.: 19-11706 (ABA)<br><br>Hearing: April 10, 2019 at 9:00 am |

## **OBJECTION TO THE CONFIRMATION OF THE DEBTOR'S CHAPTER 13 PLAN**

Hill Wallack LLP, attorneys for the secured creditor, Wilmington Savings Fund Society, FSB, as Owner Trustee of the Residential Credit Opportunities Trust V-B ("Wilmington") hereby objects to the confirmation of the Debtor's Chapter 13 Plan (the "Plan") for the following reasons:

1. On December 11, 2001, Samuel W. Failey ("Samuel") executed and delivered a Note in the original principal amount of $84,465.71 (the "Note") to Citifinancial Services, Inc. ("Citi").

2. In connection with the Note and to secure the payment required thereunder, on December 11, 2001, Samuel and Eunice Failey (the "Debtor") executed and delivered to Citi, a Mortgage (the "Mortgage") on real property commonly known as 226 Peartree Ave., Albion, New Jersey (the "Property").

3. The Note and Mortgage were ultimately assigned to Wilmington.

1

4. The subject Note and Mortgage are in default as a result of payments not being made thereunder commencing with that payment due on <u>June 17, 2009</u> and each payment due thereafter.

5. As will be evidenced by the Proof of Claim which will be filed on behalf of Wilmington, the total amount due as of January 28, 2019 (the "Petition Date") totals approximately $188,000.00.

6. The Debtor asserts an ownership interest in the Property is Schedule A/B. A copy of Schedule A/B is attached hereto as **Exhibit A**.

7. The Plan filed on February 11, 2019, proposes to cure arrears totaling $35,000.00[1] through the Plan, and make regular monthly payments in the amount of $1,000.00 outside of the Plan. A copy of the Plan is attached hereto as **Exhibit B**.

8. The Debtor is not an obligor under the Note.

9. As such, the Debtor is not in a position to confirm a Plan which includes the proposed treatment of the claim of Wilmington. There is no basis to further delay Wilmington from proceeding with its foreclosure action as the Debtor is unable to otherwise propose a feasible Plan which appropriately treats the claim of Wilmington in connection with the Property.

---

[1] The amount of arrears is significantly understated, the arrears on the subject loan total approximately $105,000.00 as of the Petition Date.

For the foregoing reasons, Wilmington respectfully suggests that the Debtor cannot confirm the Plan as proposed, is unable to propose a confirmable Plan which includes the claim of Wilmington, and that the case should be dismissed.

Respectfully submitted,
HILL WALLACK LLP
*Attorneys for Wilmington Savings Fund Society, FSB, as Owner Trustee of the Residential Credit Opportunities Trust V-B*

*/s/ Elizabeth K. Holdren*
Elizabeth K. Holdren

Dated: March 28, 2019